## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **Devon Clarke,**<br>**Jessica Williams, and**<br>**Kyon Brown,**<br><br>               **Plaintiffs,**<br><br>**v.**<br><br>**Guest Services, Inc., Guest Services Company of Virginia, LLC, and Guest Services Management, LLC**<br><br>               **Defendants.** | **CIVIL ACTION NO.** 3:21cv524 _____ |

## COMPLAINT

Plaintiffs Devon Clarke, Jessica Williams, and Kyon Brown respectfully move for judgment against Defendants Guest Services, Inc., Guest Services Company of Virginia, LLC, and Guest Services Management, LLC, (collectively "Guest Services" or "Defendants") as follows:

### Introduction

1.    This is a claim for racial discrimination in violation of 42 U.S.C. § 1981, *et seq*.

2.    Plaintiffs are African American and former employees of Defendants who were denied equal compensation in the form of promised raises and merit pay increases because of race.

### Jurisdiction and Venue

3.    Jurisdiction is founded upon 28 U.S.C. § 1331 as this Court has original

1

jurisdiction over all civil actions arising under the laws of the United States.  Venue is conferred upon this Court pursuant to 28 U.S.C. § 1391(b) in that the claims arose in Hanover County, Virginia, within this judicial district.

4.      Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5.      Clarke is a resident of Virginia who was employed by Defendants as a Housekeeper and/or a Linen Attendant.  Clarke is African American.

6.      Williams is a resident of Virginia, currently serving overseas in the armed forces, who was employed by Defendants as a Housekeeper. Williams is African American.

7.      Brown is a resident of Virginia who is employed by Defendants as a Housekeeper or Houseperson. Brown is African American.

8.      Guest Services, Inc. is a Washington, D.C. corporation, which purports to have its principal office in Virginia.

9.      Guest Services Company of Virginia, LLC is a Delaware limited liability company, which purports to have its principal office in Virginia.

10.     Guest Services Management, LLC is a Delaware limited liability company, which purports to have its principal office in Virginia.

11.     On information and belief, the Defendants are related entities in the hospitality industry that operate the Fairfield Inn & Suites in Ashland, Virginia. According to filings with the Virginia State Corporation Commission, all three Defendants list their principal office as being located at 3055 Prosperity Ave., Fairfax, VA 22031 and share the same registered agent. Plaintiffs are currently unable to determine the precise corporate structure and relationship

2

between Defendants.  Plaintiffs' copy of the employee handbook in place during their employment, merely identifies the employer as "Guest Services."

12.     The parties herein were parties in a separate action brought under the Fair Labor Standards Act. *See Devon Clarke, et al. v. Guest Services, Inc., et al.*, Case No. 3:18-cv-353. This action does not assert the same claims in that action. In the "Settlement Agreement and Release" (Case No. 3:18-cv-353, Docket No. 16-1) that the Court approved in that case, the Parties explicitly acknowledged that Plaintiffs did not waive, and explicitly retained, their right to pursue this action under 42 U.S.C. § 1981.

## Factual Allegations

13.     Plaintiffs worked in the housekeeping department at Defendants' Fairfield Inn & Suites in Ashland, Virginia.

14.     Clarke was hired around March 2017 and was employed until around April 2018.

15.     Williams was hired around September 2017 and was employed until around May 2018.

16.     Brown was hired around June 2017 and was employed until on or about January 12, 2021.

17.     In late August 2017, Plaintiffs Clark, Brown, and other employees of the Ashland Fairfield Inn, including housekeeping and maintenance employees, collectively protested inadequate wages by staging a brief walk-out.

18.     Defendants responded to such concerted activity by sending a company executive, Laura Sherman (currently Defendants' Assistant Vice President of Hospitality), to Ashland to speak with the employees.

3

19.     Ms. Sherman spoke to employees, including housekeeping employees, as a group, and promised that each of their rates of pay would be promptly increased to $11 per hour.

20.     On or about August 26, 2017, Defendants increased the rates of pay for white housekeeping employees, but did not give a raise to Clarke or Brown, and possibly other African American employees.

21.     Clarke learned that his white co-workers got the promised raise, but that he did not.

22.     Clarke complained to the general manager of the Hotel, and was eventually given the promised raise to $11 per hour on or about September 16, 2017, three weeks after similarly situated white employees received their raises.

23.     Brown was not given his promised raise to $11/hour. On August 26, 2017, Brown received a raise, but only to $10/hour, while similarly situated white employees received their raise to $11/hour. Brown complained to the assistant General Manager, Ronald Anderson. Anderson said he did not know why Brown did not get the promised raise to $11, that he did not have authority to address this issue, that Laura Sherman was responsible for this change, and that he (Anderson) would bring it to her attention. Anderson did bring the issue to Ms. Sherman's attention, but Brown never received the raise that was promised to everyone but which was given to white employees effective August 26, 2017.

24.     Upon information and belief, Clarke's and Brown's respective raises to $11 were delayed, or not given, at the direction of Laura Sherman, the Assistant Vice President.

25.     Similarly situated white employees were given the promised raise effective August 26, 2017.

4

26.     In the early part of 2018, the management team at the Fairfield Inn in Ashland issued annual performance evaluations to the employees.

27.     Defendants treat performance evaluations as a factor in what it calls "merit" raises. Specifically, whether an employee receives a merit raise in pay each year is dependent on the employee's performance evaluation score. The better the evaluation score, the greater the merit raise that employee receives.

28.     In 2018, Plaintiffs each were supervised by a housekeeping supervisor named Rosanell Gonzales.

29.     Ms. Gonzales completed performance evaluations for each of the Plaintiffs and gave them each excellent scores.

30.     Laura Sherman, the Vice President, instructed Ms. Gonzales to reduce the performance evaluation scores for Clarke, Williams, and Brown, the three African American employees in housekeeping.  Ms. Sherman did not instruct Ms. Gonzales to lower the evaluation scores of any of the white housekeeping employees she supervised.

31.     As a result of Laura Sherman's directive to decrease the evaluation scores for Plaintiffs, each of their merit raises was reduced, and was smaller compared to the merit raises received by similarly situated white employees.

32.     Plaintiffs' performance evaluation scores would have been higher, and their raises would have been at least comparable, to the raises given to similarly situate white employees, but for the direction of Laura Sherman.

33.     But for Plaintiffs' race (African American) they each would have received greater merit raises in March 2018 than what they actually received.

5

34.    Laura Sherman acted with racial animus in directing and orchestrating disparate pay rates and delayed and/or reduced raises to the African American Plaintiffs as compared to similarly situated white employees.

35.    Plaintiffs' supervisor, Ms. Gonzales, would not have lowered or reduced Plaintiffs' performance evaluations or merit pay raises, but she was directed to do so by Ms. Sherman, the company executive.

36.    Defendants, through its agent Laura Sherman, acted willfully and/or maliciously and/or in reckless disregard for Plaintiffs' rights to be free from racial discrimination.

37.    Plaintiffs each suffered loss in pay and compensation in their employment with Defendants.

38.    Plaintiffs each suffered pain, suffering, humiliation, embarrassment, mental distress, and related compensatory damages as a victim of racial discrimination by Defendants.

## COUNT I
### Race Discrimination – 42 U.S.C. § 1981

39.    Plaintiffs each are African American.

40.    Defendants discriminated against each Plaintiff with respect to the terms and conditions of their employment because of their race.

41.    Similarly situated white employees were treated differently and more favorably with respect to the terms and conditions of their employment and compensation than Plaintiffs.

42.    Defendants intentionally discriminated against Plaintiffs because of their race.

43.    Defendants have suffered economic and compensatory damages as a result of Defendants' discrimination.

44.    Defendants, through their agents, acted with malice, willfulness, and/or reckless

disregard of Plaintiffs' rights to be free from racial discrimination.

45.    Defendants actions herein violated Plaintiffs rights guaranteed by 42 U.S.C. § 1981.

## RELIEF REQUESTED

Wherefore, Plaintiffs, jointly and severally, request the following relief against Defendants:

A.    economic, compensatory, and punitive damages in an amount to be determined by a jury;

B.    pre-judgment and post-judgment interest;

C.    injunctive and/or equitable relief;

D.    reasonable attorneys' fees and costs expended in the prosecution of this case; and

E.    any and all further relief permissible by law that this Court deems necessary and proper.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,

**Devon Clarke, Jessica Williams, and Kyon Brown**
Plaintiffs

By:_____/s/_____
        Craig Juraj Curwood (VSB No. 43975)
        Paul M. Falabella (VSB No. 81199)
        Attorneys for Plaintiff
        Butler Curwood, PLC
        140 Virginia Street, Suite 302
        Richmond, VA 23219
        Telephone: (804) 648-4848
        Fax: (804) 237-0413
        craig@butlercurwood.com
        paul@butlercurwood.com