IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEVON CLARKE, *et al.*,   )
                               )
       Plaintiffs,   )
                               )
v.   )   Civil Action No. 3:21-cv-524–HEH
                               )
GUEST SERVICES, INC., *et al.*,   )
                               )
       Defendants.   )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss, Compel Arbitration,
and for Attorneys' Fees)

This matter is before the Court on Defendants' "Motion to Dismiss, to Compel Arbitration, and for Attorneys' Fees" (the "Motion") filed on December 17, 2021.[1] (ECF No. 9.) On August 13, 2021, Devon Clarke, Jessica Williams, and Kyon Brown (collectively "Plaintiffs") filed a Complaint alleging that Defendants racially discriminated against them in violation of 42 U.S.C. § 1981. (Compl., ECF No. 1.) In their Motion, Defendants' argue that the Alternative Dispute Resolution Agreements (the "Arbitration Agreements") executed by the parties require any claims under § 1981 to be resolved in arbitration. (Defs.' Mem. Supp. at 2, ECF No. 10.)

In their response, Plaintiffs concede that arbitration of their claims is required, but they maintain that the Court should stay this proceeding pending arbitration instead of dismissing it outright. (Pls.' Resp. at 1–2, ECF No. 13.) Plaintiffs also argue that this

---

[1] Defendants are Guest Services, Inc., Guest Services Company of Virginia, LLC, and Guest Services Management, LLC.

Court does not have subject matter jurisdiction to award attorneys' fees and costs based on the Agreement. (*Id.* at 1.) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument will not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons stated below, the Court will grant the Motion, compel arbitration, dismiss the case without prejudice, and award Defendants reasonable attorneys' fees and costs.

The Federal Arbitration Act (the "FAA") allows a court to compel arbitration in certain circumstances. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005). The parties agree that compelling arbitration is appropriate here, and so the Court need not belabor the point. The question remains whether the Court should dismiss the case or stay the action pending arbitration. The FAA instructs that, "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration, . . . [a court] shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. The United States Court of Appeals for the Fourth Circuit, however, has opined that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc., v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).[2] Whether to stay or dismiss a fully

---

[2] The Fourth Circuit recognized in *Noohi v. Toll Bros., Inc.* that its opinion in *Choice Hotels* is in tension with its earlier decision in *Hooters of America, Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999). 708 F.3d 599, 605 n.2 (4th Cir. 2013). In *Hooters*, the Fourth Circuit said that "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings." 173 F.3d at 937. After noticing the inconsistency, however, the Fourth Circuit has declined to resolve it. *Noohi*, 708 F.3d at 605 n.2. In the wake of this unsettled dispute, district courts have found that either staying the proceedings or dismissing the case when all claims are arbitrable is allowed. *E.g., Galloway v. Priority Imports Richmond, LLC*, 426 F. Supp. 3d 236, 245 n.7 (E.D. Va. 2019);

arbitrable lawsuit is within the discretion of the district court. *Galloway*, 426 F. Supp. 3d at 245 n.7.

Here, Plaintiffs bring only one claim against Defendants and the parties agree that this one claim is arbitrable. (Defs.' Mem. Supp. at 2; Pls.' Resp. at 1–2.) Thus, in its discretion the Court finds it more appropriate to dismiss the action without prejudice. *See Galloway*, 426 F. Supp. 3d at 245 n.7. To stay a proceeding that will almost certainly resolve itself in arbitration will needlessly continue to involve the Court in the case. However, if one of the parties finds it necessary, they may of course refile a lawsuit after arbitration.

Next, Defendants argue that, pursuant to the Arbitration Agreements, the Court should award them reasonable attorneys' fees and costs. The Arbitration Agreements' relevant language states that:

> I further agree that I will make no demand, request or motion for trial by jury, or a trial in any judicial forum, of any Employment Related Claim and that, if contrary to this Agreement, I make any such demand, request or motion, Guest Services will be entitled to dismissal or injunctive relief and, if Guest Services prevails, the recovery of all costs, losses, and attorneys' fees related to such demand, request, or motion.

(Arbitration Agreements at 4, ECF No. 10-1.) Because arbitration is appropriate here and the Court will dismiss the pending lawsuit, the contractual language seems to entitle Defendants to attorneys' fees and costs. In similar cases, courts have awarded reasonable attorneys' fees and costs pursuant to an agreement signed by both parties. *See Bracey v.*

---

*Smiley v. Forcepoint Fed., LLC*, No. 3:18cv26, 2018 WL 5787468, at *4 n.5 (E.D. Va. Nov. 5, 2018), *aff'd*, 777 F. App'x 668 (4th Cir. 2019).

3

*Lancaster Foods, LLC*, No. 1:17cv1826, 2018 WL 1570239, at *8; *Robinson v. Taboo Gentlemen's Club, LLC*, No. 3:14cv123, 2015 WL 3868531, *10–11 (N.D.W. Va. June 23, 2015). In fact, in *Bracey*, the Court granted a request for reasonable attorneys' fees and costs based on nearly identical language in an arbitration agreement. 2018 WL 1570239, at *8. Consequently, the Court sees no reason why the plain language of the Arbitration Agreements should not be enforced, and the Court will grant Defendants request for reasonable attorneys' fees and costs incurred in litigating the Motion.

An appropriate Order will accompany this Memorandum Opinion.

                                                        /s/  
                                     Henry E. Hudson  
                                     Senior United States District Judge

Date: February 24, 2022  
Richmond, Virginia